**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**HEARTLAND HEALTH & WELLNESS**
**FUND,**

         **Plaintiff,**

   **v.**

**JANET L. BILLETER, et al.,**

         **Defendants.**

**Case No. 2:17-cv-214**
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

Defendant Janet L. Billeter ("Mrs. Billeter") has moved the Court to permit discovery in this case and to stay the recently-issued summary judgment briefing schedule [ECF No. 7]. (Mot. for Disc. at 1–2 [ECF No. 12].) For the following reasons, Mrs. Billeter's Motion [ECF No. 12] is **GRANTED**.

**I.**

Mrs. Billeter is (or was) an enrollee in Plaintiff Heartland Health & Wellness Fund (the "Fund"). (Compl. ¶ 7 [ECF No. 1].) On January 9, 2015, she sustained serious injuries in an accident. (*Id.* ¶ 9.) Mrs. Billeter subsequently sued an individual and several entities to recover for the injuries that she suffered. (*Id.* ¶ 10.) She was represented by Bordas & Bordas, PLLC, a co-Defendant in this action. (*See id.*) Mrs. Billeter's personal injury suit settled this winter for approximately $10 million. (*Id.* ¶ 11.)

The Fund alleges that it has paid $712,761.51 in medical treatment benefits for Mrs. Billeter. (Compl. ¶ 9.) Through the current lawsuit, filed on March 14, 2017, the Fund seeks to enforce its alleged subrogation and reimbursements rights under the terms of the governing Fund

documents and recover from Mrs. Billeter the amount that it has allegedly paid toward her medical bills. (*See id.* ¶ 1.)

The Court held a mediation on April 5, 2017. The parties, however, were unable to arrive at an agreement. Concluding that the parties had reached an impasse, the Court inquired about next steps in the case:

> THE COURT: Well, I'm sorry to report we don't have a deal. I think everybody gave it their best shot. I appreciate your efforts, but we just weren't able to get to a number everybody could live with. . . . It seems to me this case now reduces down to a simple issue of how to construe the contract. The numbers are – I mean, there's really not any factual disputes, I don't think, are there?
>
> MS. ARNOLD [Counsel for the Fund]: None that I'm aware of, Your Honor.
>
> MR. ZATEZALO [Counsel for Defendants]: I don't think so.

(Mediation Tr. at 42.) The Court then developed a briefing schedule for the parties' cross-motions for summary judgment. (*Id.* at 42–43.) Under that schedule, the parties have through May 5, 2017, to submit their initial motions and through May 25, 2017, to submit their memoranda in opposition. (Apr. 6, 2017 Order at 1 [ECF No. 7].) Before concluding the mediation, the Court provided the parties with a final instruction—to let the Court know if there are any disputed facts in the case. (Mediation Tr. at 43.)

On April 20, 2017, Mrs. Billeter filed the present motion to stay the summary judgment briefing schedule and for discovery on (a) the Fund's business practices and decision-making regarding the payment of Mrs. Billeter's bills, (b) the Fund's efforts to ensure that Mrs. Billeter's treatment was correctly recorded, coded, and charged, and (c) the Fund's proof of payment. (Mot. for Disc. at 2 [ECF No. 12].)

The Fund opposes Mrs. Billeter's request. It contends that, during the mediation, Mrs. Billeter stipulated to the summary judgment briefing schedule and to the absence of factual

disputes in the case. (*See* Mem. in Opp'n at 1–3 [ECF No. 13].) The Fund further argues that the information Mrs. Billeter seeks to discover is not relevant to a claim or defense in this matter. (*Id.* at 3.)

## II.

The Court may modify its summary judgment briefing schedule for good cause. *See* Fed. R. Civ. P. 16(b)(4). And here, Mrs. Billeter has shown good cause for the modification.

Contrary to the Fund's assertion, evidence of the Fund's payments toward Mrs. Billeter's medical bills is relevant and proportional to the Fund's subrogation and reimbursement claim. *See* Fed. R. Civ. P. 26(b)(1). The governing Fund documents establish the Fund's subrogation and reimbursement rights: "The Plan shall be entitled to subrogation or reimbursement with regard to all rights of recovery . . . *to the extent of any amounts which the Plan has paid* or may become obligated to pay on account of any claim against any person." (Compl. ¶ 22 [ECF No. 1] (emphasis added) (quoting Fund Rules & Regulations, art. VII, § 7.6(c)(i) [ECF No. 1-5]).) The governing documents also establish the enrollee's obligations: "If requested in writing by the Trustees, the Person shall take . . . such action as may be necessary or appropriate to recover *payments made* or to be made by the Plan . . . . [And] [t]he Person shall assist and cooperate with representatives designated by the Plan to recover *payments made* by the Plan . . . ." (*Id.* (emphasis added) (quoting Fund Rules & Regulations, art. VII, § 7.6(c)(ii)).) The Subrogation and Reimbursement Agreement signed by Mrs. Billeter on February 8, 2015, moreover, reiterates that the "Fund has the right to reimbursement for all benefits the Fund *has paid* to or on behalf of the Person as of the date the Person recovers monies and for all other benefits the Fund *pays* after the date of recovery to or on behalf of the Person." (Subrogation & Reimbursement Agreement at 1 [ECF No. 1-2] (emphasis added).) Given that the Fund has subrogation and

reimbursement rights as to the amount that it has paid, Mrs. Billeter is entitled to discover information regarding the payments made on her behalf by the Fund.[1]

The Fund also opposes Mrs. Billeter's Motion based on the stipulation that her counsel purportedly made during the mediation. The Court, however, does not view defense counsel's undecided statement ("I don't' think so") regarding the presence of factual disputes in the case so rigidly. (*See* Mediation Tr. at 42.) Defense counsel's statement does not bar Mrs. Billeter from conducting limited discovery about an issue of considerable relevance to the Fund's subrogation and reimbursement claim. As indicated earlier, the Court anticipated the possibility that the parties might—notwithstanding the briefing schedule—identify factual disputes requiring discovery. (*See id.* at 43.) Mrs. Billeter has simply followed the Court's instructions through her identification of the possible factual dispute over the amounts actually paid on her behalf. (*See id.*)

### III.

For these reasons, Mrs. Billeter's Motion [ECF No. 12] is **GRANTED**, and the Court's summary judgment briefing schedule [ECF No. 7] is **STAYED**. The United States Magistrate Judge will consult with the parties to develop a timeline for Mrs. Billeter's requested discovery.

**IT IS SO ORDERED.**

5-2-2017
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] As indicated above, proof of the Fund's payments is relevant to this action. The relevance of (a) the Fund's business practices and decision-making regarding the payment of Mrs. Billeter's bills and (b) the Fund's efforts to ensure that Mrs. Billeter's treatment was correctly recorded, coded, and charged, is less certain. The Court will direct this relevance determination to the United States Magistrate Judge.